# Attachment A

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
CIVIL DIVISION

| | |
|---|---|
| R.A. GLANCY & SONS, INC., ROBERT A. GLANCY, ALLEGHENY CITY ELECTRIC, INC., EAST END PLUMBING AND MECHANICAL, INC., FLORINDA MASCILLI, MERIT ELECTRICAL GROUP, INC., ANDY MICHIELLI, JKECO ELECTRIC, INC., MANUEL KALOGERIS, WESTMORELAND ELECTRIC, INC., RYCO, INC., RICHARD BOSCO, NEWMAN PLUMBING, INC., BRIDGES & COMPANY, INC., ROBERT FITZGERALD, THOMAS & WILLIAMSON, JON THOMAS AND ASSOCIATED BUILDERS AND CONTRACTORS OF WESTERN PENNSYLVNIA, | No. GD 10-14783 |
| Plaintiffs | OPINION |
| v. | Honorable Joseph M. James |
| COMMUNITY COLLEGE OF ALLEGHENY COUNTY, | Copies Sent To: |
| Defendant | Diane M. Tokarsky, Esquire |
| and | Joshua M. Bloom, Esquire |
| PITTSBURGH REGIONAL BUILDING TRADES COUNCIL, | Robert L. McTiernan, Esquire |
| Intervenor. | |

FILED 11 MAY -2 AM 11: 19
DEPT OF COURT RECORDS
CIVIL/FAMILY DIVISION
ALLEGHENY COUNTY PA

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
CIVIL DIVISION

| | |
|---|---|
| R.A. GLANCY & SONS, INC., ROBERT A. GLANCY, ALLEGHENY CITY ELECTRIC, INC., EAST END PLUMBING AND MECHANICAL, INC., FLORINDA MASCILLI, MERIT ELECTRICAL GROUP, INC., ANDY MICHIELLI, JKECO ELECTRIC, INC., MANUEL KALOGERIS, WESTMORELAND ELECTRIC, INC., RYCO, INC., RICHARD BOSCO, NEWMAN PLUMBING, INC., BRIDGES & COMPANY, INC., ROBERT FITZGERALD, THOMAS & WILLIAMSON, JON THOMAS AND ASSOCIATED BUILDERS AND CONTRACTORS OF WESTERN PENNSYLVNIA,<br><br>Plaintiffs<br><br>v.<br><br>COMMUNITY COLLEGE OF ALLEGHENY COUNTY,<br><br>Defendant<br>and<br><br>PITTSBURGH REGIONAL BUILDING TRADES COUNCIL,<br><br>Intervenor. | No.  GD 10-14783 |

## O P I N I O N

JAMES, J.                                                                                                   April 29, 2011

Plaintiffs R.A. Glancy & Sons, Inc., et al. ("Glancy") have filed a Motion for Preliminary Injunction and requested that the Court enjoin Defendant Community

No.     GD 10-14783

College of Allegheny County ("CCAC") from proceeding to process bids for the construction project known as the K. Leroy Irvis Science Center. Glancy also requested that CCAC be enjoined from proceeding with any future projects that require prime contractors or subcontractors to enter into Project Labor Agreements.

Glancy contends that the use of Project Labor Agreements is improper because requiring such agreements violates state statutes and regulations and is in conflict with the Commonwealth of Pennsylvania's requirements of competitive bidding. They also argue that the decision to use Project Labor Agreements constitutes an abuse of discretion.

CCAC and Intervenor Pittsburgh Regional Building Trades Council ("Building Trades") argue that the Preliminary Injunction should not be granted because current case law holds that Glancy is not likely to prevail on the merits. In fact, current case law supports the position that the denial of a hearing on the request for preliminary injunction is not an abuse of discretion. Franklin Decorators, Inc. v. Hende-Jon Furniture Showrooms, Inc., 489 A.2d 246, 248 (Pa. Super. 1985).

For a preliminary injunction to be issued, all of the prerequisites must be established; if the petitioner fails to establish any one of them there is no need to address the others. Allegheny County v. Commonwealth, 544 A.2d 1305, 1307 (Pa. 1988).

The six essential prerequisites are:

(1) the petitioner must show that the injunction is necessary to prevent immediate and irreparable harm that cannot be adequately compensated by damages;

(2) the petitioner must show that greater injury would result from refusing an injunction than from granting it, and, concomitantly, that issuance of an injunction will not substantially harm other interested parties in the proceedings;

2

(3) the petitioner must show that the preliminary injunction would properly restore the parties to their status as it existed immediately prior to the alleged harm;

(4) the petitioner must show that the petitioner is likely to prevail on the merits;

(5) the petitioner must show that the injunction it seeks is reasonably suited to abate the offending activity; and

(6) the petitioner must show that the preliminary injunction will not adversely affect the public interest.

Summit Towne Centre, Inc. v. Shoe Show of Rocky Mount, Inc., 828 A.2d 995, 1001 (Pa. 2003).

In this case, Glancy has not proven that an injunction is necessary to prevent immediate and irreparable harm. Both union and non-union contractors are required to pay the same prevailing wage.

Pennsylvania case law supports that the court has no duty to grant a hearing on an application for a preliminary injunction. In Sossong v. Shaler Area School District and Pittsburgh Regional Building Trade Council, 945 A.2d 788 (Pa. Cmwlth. 2008), the Commonwealth Court upheld Judge O'Reilly's decision denying Sossong's request for a preliminary injunction hearing on the issue of whether the project labor agreement requirement within the bid specs violated the lowest responsible bidder laws. In Sassong, Judge O'Reilly relied on A. Pickett Constr., Inc. v. Luzerne County Convention Center Auth., 738 A.2d 20 (Pa. Cmwlth. 1999) (holding that project labor agreements between governmental entity and construction unions do not violate the lowest responsible bidder laws in Pennsylvania).

The Project Labor Agreement at issue in this case did not violate federal labor laws. The U.S. Supreme Court has held that the National Labor Relations Act permits a

3

No.     GD 10-14783

local government entity to act as a proprietor rather than a regulator when it enforces a Project Labor Agreement. Therefore, they concluded that the local government entity may require all contractors and subcontractors to become party to a project labor agreement with local craft unions that provides for union recognition, mandatory use of union hiring halls, grievance procedures and no work stoppages. <u>Building and Construction Trades Council v. Associated Builders & Contractors of Massachusetts/Rhode Island (Boston Harbor)Building and Construction Trades Council v. Associated Builders & Contractors Massachusetts/Rhode Island (Boston Harbor)</u>, 507 U.S. 218, 221-222 (1993).

Therefore, Glancy's Motion for an Injunction pending appeal was denied.

4